

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NOS. AP-77,004 and AP-77,005

## EX PARTE SHERWOOD LYNN GEORGE, Applicant

### ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
### CAUSE NOS. W09-54599-T(A) AND W09-54600-T(A)
### IN THE 283RD DISTRICT COURT FROM DALLAS COUNTY

*Per curiam*.

## O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of two robberies and sentenced to concurrent terms of eight years' imprisonment. He did not appeal his convictions.

Applicant contends that his pleas were involuntary because his trial counsel failed to communicate or adequately advise him where counsel did not meet with Applicant until 8.5 months after appointment and only one more time the day before trial was to commence, failed to prepare for trial by interviewing a witness he was informed of and who has provided an affidavit stating he

committed the offense and not Applicant, failed to investigate whether Applicant was incompetent to enter guilty pleas due to Applicant's history of mental illness, and failed to discover that Applicant was actually innocent. The trial court held an evidentiary hearing at which trial counsel testified, and it recommends granting relief on the involuntary plea claims. There is no finding of actual innocence.

After an independent review of the record, this Court agrees that Applicant's guilty pleas were not voluntary. *See Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Morrow*, 952 S.W.2d 530 (Tex. Crim. App. 1997). Relief is therefore granted. The judgments in Cause Nos. F-0954599-T and F-0954600-T in the 283rd District Court of Dallas County are set aside, and Applicant is remanded to the custody of the Sheriff of Dallas County to answer the charges as set out in the indictments. The trial court shall issue any necessary bench warrant within 10 days after the mandate of this Court issues.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and Pardons and Paroles Division.

Delivered: March 27, 2013
Do not publish